IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

ACE TECHNOLOGY CORPORATION,
a Delaware corporation, and EDWARD
BENNETT, individually and derivatively
on behalf of GFM CORPORATION,

                Plaintiffs,

vs.

GFM CORPORATION, a Michigan
corporation,

                Defendant.
_____/

### GFM CORPORATION'S MOTION TO STRIKE EXPERT WITNESS FOR FAILURE TO COMPLY WITH DISCLOSURE REQUIREMENTS AND REQUEST FOR EXPEDITED DISPOSITION

Defendant, GFM Corporation, respectfully moves to strike Plaintiffs, Ace Technology Corporation's ("Ace") and Edward Bennett's, and Third Party Defendant Ebway Corporation's Expert Witness, Art Hedrick (D.E. # 104), and requests for expedited disposition of this Motion and as grounds therefore states:

### Facts

On September 1, 2009, Plaintiffs and Third Party Defendant filed their "Expert Disclosures" listing Art Hedrick as their expert witness. See D.E. # 104. The Disclosure, which is one paragraph in total ("Disclosure Paragraph"), is wholly deficient and in complete noncompliance with Rule 26(a)(2).

Specifically, the Disclosure Paragraph, titled "Summary of Anticipated Testimony," contains a single substantive sentence concerning his "opinions": "It is anticipated that Mr.

6932205v1

1

Hedrick will testify that Ace and Ebway's transactions with GFM were performed in accordance and within the timeframe consistent with other tool shops." The rest of the Disclosure Paragraph generally lists things he will rely upon.

On October 4, 2009, counsel for GFM notified Plaintiffs'/Third Party Defendants' attorney concerning these deficiencies. See email string attached as **Exhibit A** hereto. Having received no response, counsel for GFM again emailed opposing counsel on October 29, 2009 asking for the status. See Exhibit A.

On October 30, opposing counsel responded that he believes Mr. Hedrick's disclosures comply with Local Rule 16.1(K). The undersigned responded that the disclosures do not satisfy Fed. Rule 26. See email string attached as **Exhibit B**. Finally, on November 5, 2009, counsel for GFM informed Plaintiffs'/Third Party Defendants' attorney that unless there was an agreement for full disclosures to be made by Monday, November 9, 2009, which is just one week before Mr. Hedrick's scheduled deposition, GFM would have no choice but to file this Motion. No response to that email was received.

## Legal Argument

Under Fed. Rule of Civ. P. 26(a)(2), disclosure of expert testimony must contain a Written Report, prepared and signed by the witness, containing: i) a complete statement of all opinions the witness will express and the basis and reasons for them; ii) the data or other information considered by the witness in forming them; iii) any exhibits that will be used to summarize or support them; iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and vi) a statement of the compensation to be paid for the study and testimony in the case.

In *Dyett v. North Broward Hosp. Distr.*, 2004 WL 5320630 (S.D. Fla. 2004), the court struck an expert based on insufficient disclosures. The court reasoned:

> [A]n expert report must be complete such that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *See Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998) (citing *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995)). Expert reports must not be sketchy, vague or preliminary in nature and the disclosures must not be used as a means to extend a discovery deadline. *See id.* In this case, Mr. Mann's "report" fails miserably to satisfy the requirements of S.D. Fla. L.R. 16.1(K) and Fed.R.Civ.P. 26. In fact, it is entirely devoid of any opinion and the basis and reasons supporting such opinion. *See* Motion at Ex. 4; Response at Ex. D. Therefore it is inadequate.

*Id*. at * 1. The court concluded:

> [T]he exclusion of Defendant's expert is warranted. *See, e.g., Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998) (stating that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. [ ... ] Salgado has established neither of these circumstances.") Indeed, Defendant has offered absolutely no explanation to attempt to justify the untimeliness and insufficiency of its expert disclosure…. Additionally, the undersigned finds that Defendant's failure to comply S.D. Fla. L.R. 16.1(K) and Fed.R.Civ.P. 26 is not harmless.

*Id.*

Plaintiffs'/Third Party Defendant's Disclosure Paragraph is devoid of almost all of the requirements of Rules 26(a)(2) and 16.1(K). There is no Written Report prepared and signed by the witness. Further, there is no complete statement of all opinions the witness will express and the basis and reasons for them, listing of data or other information he considered, exhibits used to summarize or support his opinions, list of cases in which he has testified, or statement of compensation to be paid. Nor does the Disclosure Paragraph indicate "the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds

6932205v1

3

for each opinion." In short, the Disclosure Paragraph is "sketchy, vague and preliminary in nature" and is therefore deficient.

### Request for Expedited Disposition

Out of an abundance of caution, GFM has set Mr. Hedrick's deposition for November 16, 2009 where he resides in Grand Rapids, Michigan. As GFM documented in recent motions and/or responses filed with the Court, including its Response to Plaintiff's Motion for Leave to File Second Amended Complaint, GFM has already incurred substantial attorneys' fees and costs in this case. GFM respectfully requests that the Court expedite the disposition of this Motion to Strike in order to avoid the necessity of Hedrick's deposition in Michigan.[1]

### Local Rule 7.1A.3 Certification

Pursuant to Local Rule 7.1A.3, the undersigned has made numerous attempts to resolve this matter with opposing counsel, but such attempts, reflected in detail in the attached emails, have not been successful.

WHEREFORE, GFM respectfully requests that the Court deny Plaintiffs' and Third Party Defendant's Motion for Enlargement of Time to Complete Discovery.

Respectfully submitted,

RUDEN, McCLOSKY, SMITH
SCHUSTER & RUSSELL, P.A.
Attorneys for GFM
200 East Broward Boulevard, 15th floor (33301)
Post Office Box 1900
Fort Lauderdale, Florida 33302
(954) 527-2492
Fax: (954) 333-4092

---

[1] While GFM initially raised the deficiency of the Disclosure Paragraph in early October 2009 and then again at the end of October (see emails attached hereto), the parties were then involved in mediated settlement discussions and thus GFM did not seek then to immediately file this additional motion with the Court. These discussions have now terminated.

6932205v1

4

By:  /s/Matthew S. Nelles  
Matthew S. Nelles  
Florida Bar No. 009245

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of November, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on Steven N. Lippman, Esq. and Riley W. Cirulnick, Esq., ROTHSTEIN ROSENFELDT ADLER, 401 East Las Olas Blvd., Suite 1650, Fort Lauderdale, FL  33301, Attorneys for Plaintiffs and Third Party Defendant.

By:   /s/Matthew S. Nelles  
Matthew S. Nelles

6932205v1