IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

ACE TECHNOLOGY CORPORATION,
a Delaware corporation, and EDWARD
BENNETT, individually and derivatively
on behalf of GFM CORPORATION,

        Plaintiffs,

vs.

GFM CORPORATION, a Michigan
corporation,

        Defendant.
_____/

**GFM CORPORATION'S RESPONSE TO PLAINTIFFS' AND THIRD PARTY DEFENDANT'S EMERGENCY MOTION FOR ENLARGMENT OF TIME**

Defendant, GFM Corporation, responds as follows to Plaintiffs' and Third Party Defendant's ("Ace/Ebway's") Emergency Motion for Enlargement of Time (D.E. # 145):

1. **Ace/Ebway's statements in ¶ 4 of their Motion concerning their attempts to schedule depositions this week but for GFM's personnel being out of town are patently false.**

In ¶ 4 of their Motion, Ace/Ebway state that they "have sought to schedule the depositions they desire to take within the existing discovery deadline but GFM refuses to schedule those depositions because GFM personnel are out of town on a business trip during the days requested (which are the only days left before the deadline to do so)." *That statement is patently false*.

At no time have Ace/Ebway's attorneys ever contacted GFM's attorneys about scheduling depositions this week. Indeed, Ace/Ebway's attorneys were largely incommunicado for the past

6953009v2

1

week or 10 days, except that they were able to file a Response to GFM's Motion for Protective Order on November 4, 2009.

Moreover, while Ace/Ebway's attorneys were apprised on November 5 that Mr. Loush, GFM's Vice President, needed to be present for the deposition of Harold Kutner, GFM's expert, and that Mr. Loush would be out of town several days this week, no effort was made by Ace/Ebway to otherwise schedule Mr. Kutner's deposition.

### 2. **There is no causal relationship between the recent disruption at RRA and Ace/Ebway's tardiness in completing discovery.**

GFM and its attorneys sympathize with the disruption that has recently befallen the RRA law firm. However, there is simply no causal relationship between that recent disruption and Ace/Ebway's failure to conduct and complete discovery many, many months ago.

Although not expressed in their Motion, Ace/Ebway are seeking this enlargement of time in order to conduct depositions, in Michigan, of the following: 1) Dynamic JIG Grinding Corporation ("Dynamic"); 2) Future Products Tool Corporation ("Future Products"); 3) NSF International Strategic Registrations, Ltd. ("NSF"); 4) Gregory Crampton (GFM employee). They also now seek to depose GFM's expert, Harold Kutner, in Florida. However, Ace/Ebway could have taken this discovery many, many months ago, and well before the disruption at RRA.

First, Ace/Ebway twice served document and deposition subpoenas on Dynamic and Future Products on July 2009 and August 2009. See **Composite Exhibit A**. This was over *four months* before the discovery deadline and the disruption at RRA. Ace/Ebway could have readily deposed these witnesses earlier in the case, but deliberately chose to wait until the end of discovery. There is no causal relationship between their delay and the disruption at RRA.

Second, Ace/Ebway, through Mr. Bennett himself, has been fully aware of the existence and role of NSF in GFM's business since its inception. Specifically, NSF conducts certification audits to ensure that GFM has a proper quality management system in place to satisfy rigorous automotive industry standards. Plaintiff Bennett, who is a 25% shareholder of GFM, was fully apprised of the results of all NSF audits while he was a member of GFM's Board of Directors.[1] Armed with this knowledge since the inception of the case, Ace/Ebway nonetheless waited until October 9, 2009 to serve their subpoena.[2] See **Exhibit B** hereto. There is no causal relationship between Ace/Ebway's failure to earlier conduct the NSF discovery and the disruption at RRA.

Ace/Ebway seek to depose Greg Crampton, GFM's plant manager. Mr. Crampton had initially been scheduled for deposition on August 26, 2009 at the time Ace/Ebway deposed GFM's employees and corporate representatives. His deposition was postponed because of a disagreement amongst counsel, but he was offered for deposition the next two days. See Letter attached hereto as **Exhibit C**. Ace/Ebway have had 2.5 months to depose Mr. Crampton, but waited until now in order to attempt to do so. Again, there is no causal connection between this delay and the disruption at RRA.

Finally, Mr. Kutner, GFM's expert, was disclosed on October 1, 2009. Ace/Ebway had 41 days to conduct that deposition, but did not do so.

    **3.**    <u>**The Court has twice ordered that all discovery be completed by November 16, 2009**</u>.

The Amended Scheduling Order was entered on April 14, 2009. (D.E. # 92). Ace/Ebway have known since then that they had until November 16, 2009 to complete discovery.

---

[1] See Verified Reply in Support of Motion for Protective Order concerning NSF. (D.E. # 144).
[2] GFM filed a Motion for Protective Order because the discovery sought concerning NSF is utterly irrelevant to this case and was served for the sole purpose of further attempting to harass GFM and place its certification at risk. (D.E. # 128).

6953009v2

Nonetheless, Ace/Ebway sought an enlargement of time just a few weeks ago. (D.E. # 131). Just one week ago, well after the disruption at RRA had become known, the Court denied an enlargement of time, ruling, "All discovery must be completed by November 16, 2009." (D.E. # 139). The circumstances have not changed, discovery should have been completed long ago, and this second bite at an extension of the discovery deadline should be denied.

### 4. The discovery sought of Future Products and Dynamic relates solely to Ace/Ebway's unpled claims.

Ace/Ebway are seeking to depose Future Products and Dynamic in an attempt to prove a claim that GFM breached the License Agreement by obtaining tooling from sources other than Ace/Ebway. However, Ace/Ebway do not have any pending claims against GFM for such a breach.

Specifically, the Amended Complaint asserts three claims: Count I- Breach of License Agreement by failing to pay patent royalties; Count II- Patent Infringement ('692 patent) pursuant to 35 U.S.C. §§ 271, et. seq., and Count III – Tarnishment under 15 U.S.C. § 1125(c). On September 9, 2009, GFM moved for summary judgment on all three claims because Ace/Bennett have no evidence to support any of those claims. (D.E. # 107).

Recognizing the futility of their position, Ace/Bennett, rather than responding to the Motion for Summary Judgment, sought leave to file an eleventh hour Second Amended Complaint. (D.E. # 109). They also sought an enlargement of time to respond to the Motion for Summary Judgment, arguing that if their Motion for Leave to File Second Amended Complaint is granted, it would moot the summary judgment motion.

For many reasons, GFM opposed the Motion for Leave. (D.E. # 121). Most critically, this Court has followed Eleventh Circuit precedent that a Motion for Leave to File an amended

6953009v2

4

complaint should be denied where it is merely an attempt to avoid an adverse summary judgment. *Southern Grouts & Mortars, Inc. v. 3M Co.*, 2008 WL 4346798 (S.D. Fla. 2008, Marcia G. Cooke, District Judge); *Local 472 v. Georgia Power Co.*, 684 F.2d 721 (11th Cir. 1982); *Compagnoni v. United States*, 1996 WL 636110 (S.D. Fla. 1996).

The Court has now ordered Ace/Bennett to respond to GFM's Motion for Summary Judgment by November 18. (D.E. # 138). As evidenced by the arguments Ace/Bennett made in support of their Motion for Leave to Amend, the depositions of Dynamic and Future Products relate solely to claims Ace/Bennett are seeking to assert in a Second Amended Complaint. Those claims are not at issue and thus there is no need for an extension of the discovery deadline.

**5.     Ace/Ebway have already plagued this case with excessive discovery at a tremendous cost to GFM.**

As set forth in great detail in GFM's Memorandum in Opposition to Ace/Bennett's Motion for Leave to File Second Amended Complaint (D.E. # 121), Ace/Ebway have repeatedly reversed course throughout this case, have taken numerous depositions in Michigan, and have caused GFM to incur tens of thousands of dollars in wasted legal fees. GFM will be greatly prejudiced if Ace/Ebway are permitted to take even more out of state depositions because they never should have had to incur so much in wasted resources to begin with.

      **6.** **In desperation, Ace/Ebway have just served on the undersigned at 2:19 p.m. on November 11, 2009 (Veterans' Day/Court Holiday) surprise Notices of Deposition, including out of state depositions, on half-day's notice.**

      As this Response was being drafted, the undersigned received via email a Notice of Taking Depositions setting: (i) Harold R. Kutner (GFM's expert) for deposition on November 12 at 9:00 a.m.;[3] (ii) Greg Crampton for deposition in Michigan on November 13; (iii) Dynamic for deposition in Michigan on November 13; and (iv) Future Products in Michigan for November 13.  See Notice of Taking Depositions attached hereto and **Exhibit D.**  Local Rule 26.1(J) requires at least 5 working days notice for an in-state deposition and at least 10 working days notice for an out of state deposition.  "Failure by the party taking the oral deposition to comply with this rule obviates the need for a protective order."  It is self-evident that this Notice is grossly insufficient and was sent out of desperation.

      WHEREFORE, GFM respectfully requests that the Court deny Ace/Bennett's Emergency Motion for Extension of Time.

                                                 Respectfully submitted,

                                                  RUDEN, McCLOSKY, SMITH
                                                  SCHUSTER & RUSSELL, P.A.
                                                  Attorneys for GFM
                                                  200 East Broward Boulevard, 15th floor (33301)
                                                  Post Office Box 1900
                                                  Fort Lauderdale, Florida 33302
                                                  (954) 527-2492
                                                  Fax: (954) 333-4092

                                                  By: /s/Matthew S. Nelles
                                                        Matthew S. Nelles
                                                         Florida Bar No. 009245

---

[3] Ace/Ebway never even subpoenaed Mr. Kutner, GFM's expert, nor have they requested a deposition date.

6953009v2

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of November, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on Steven N. Lippman, Esq. and Riley W. Cirulnick, Esq., ROTHSTEIN ROSENFELDT ADLER, 401 East Las Olas Blvd., Suite 1650, Fort Lauderdale, FL  33301, Attorneys for Plaintiffs and Third Party Defendant.

By:   /s/Matthew S. Nelles_____
      Matthew S. Nelles