IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

ACE TECHNOLOGY CORPORATION,
a Delaware corporation, and EDWARD
BENNETT, individually and derivatively
on behalf of GFM CORPORATION,

          Plaintiffs,

vs.

GFM CORPORATION, a Michigan
corporation,

          Defendant.
_____/

**GFM CORPORATION'S SUPPLEMENT TO
MOTION TO STRIKE EXPERT WITNESS (D.E. # 140) -
FAILURE TO APPEAR FOR DEPOSITION**

Defendant, GFM Corporation, respectfully moves to strike Plaintiffs, Ace Technology Corporation's ("Ace") and Edward Bennett's, and Third Party Defendant Ebway Corporation's Expert Witness, Art Hedrick (D.E. # 104), and files this Supplement to its Motion to Strike filed on November 5, 2009 (D.E. # 140) and states:

**Facts**

      a.    **Deficient Expert Disclosure**

Plaintiffs and Third Party Defendant filed their "Expert Disclosures" listing Art Hedrick as their expert witness. See D.E. # 104. The Disclosure, which is one paragraph in total ("Disclosure Paragraph"), is wholly deficient and in complete noncompliance with Fed. R. of Civ. P. 26(a)(2) and Local Rule 16.1K.

6959412v1

1

Specifically, the Disclosure Paragraph, titled "Summary of Anticipated Testimony," contains a single substantive sentence concerning his "opinions": "It is anticipated that Mr. Hedrick will testify that Ace and Ebway's transactions with GFM were performed in accordance and within the timeframe consistent with other tool shops."  The rest of the Disclosure Paragraph generally lists things he will rely upon.

The Disclosure Paragraph is completely deficient.  *See Dyett v. North Broward Hosp. Distr.*, 2004 WL 5320630 (S.D. Fla. 2004) ("Expert reports must not be sketchy, vague or preliminary in nature…. In this case, Mr. Mann's "report" fails miserably to satisfy the requirements of S.D. Fla. L.R. 16.1(K) and Fed.R.Civ.P. 26).  Accordingly, on November 5, 2009, GFM filed its Motion to Strike Expert Witness (D.E. # 140), which is currently pending.

### b.   Failure to Appear for Deposition

Thereafter, Ace/Ebway refused to produce Mr. Hedrick for deposition.  The following is the sequence of events leading up to this refusal:

| | |
|---|---|
| **October 16, 2009:** | GFM noticed and subpoenaed Hedrick for deposition on October 27  (**Exhibit A**)[1] |
| **October 19, 2009:** | Ace/Ebway's counsel advises he is unavailable on October 27; requests that deposition be rescheduled for November 19/20 (**Exhibit B** email) |
| **October 23, 2009:** | Ace/Ebway filed Motion for Extension of Time to Complete Discovery asking for extension until December 18 (D.E. # 131); GFM agreed to extension until November 23 |
| **October 30, 2009**: | GFM renoticed Hedrick for deposition on November 19 |
| **November 4, 2009**: | Court Order denying Ace/Ebway's Motion for Enlargement of Time, "All discovery must be completed by November 16, 2009."  (D.E. # 139) |

---

[1] The Affidavit of Service is included in the exhibit.

6959412v1

2

| | |
|---|---|
| **November 4, 2009**: | GFM renoticed and resubpoenaed Hedrick for November 16 (**Exhibit C**)[2] |
| **November 10, 2009** | Ace/Ebway filed Emergency Motion for Extension of Time to Complete Discovery (D.E. # 145) |
| **November 11, 2009**: | GFM files Response to Emergency Motion (D.E. # 147) |
| **November 11-12, 2009**: | Ace/Ebway confirm they will not produce Hedrick for deposition on November 16, 2009 (emails attached as **Exhibit D**). |

## Argument

As reflected above, GFM initially noticed and subpoenaed Hedrick for deposition on October 27, 2009. At the request of Ace/Ebway, the deposition was renoticed for November 19, 2009. While, admittedly, that was a few days after the discovery deadline, GFM had agreed, as an accommodation to Ace/Ebway, to a one week enlargement of the discovery deadline.

The minute the Court denied Ace/Ebway's Motion for Enlargement of Time on November 4, GFM renoticed Hedrick's deposition for November 16, the last day of discovery. While GFM acknowledges that the Renotice was sent 8 working days' before the Michigan deposition (including Veterans Day), not once before November 11th did Ace/Ebway voice an objection to the Renotice or to this timing.

Moreover, Ace/Ebway knew full well that GFM intended to proceed with Hedrick's deposition on November 16, 2009. In its Motion to Strike Hedrick, which was filed on November 5th, GFM asked for an expedited briefing schedule because of the upcoming deposition. Again, Ace/Ebway voiced no objection to the November 16th deposition. Thus, any argument that the Renotice was untimely is waived. In any event, under the circumstances described herein, the Court should exercise its discretion in finding that a slight departure from the 10-day notice requirement in the Local Rules is clearly warranted.

---

[2] The Affidavit of Service is included in the exhibit.

6959412v1

Unlike Ace/Ebway, GFM has diligently pursued discovery in this case and should not be punished for attempting to accommodate Ace/Ebway by initially agreeing to reschedule Hedrick's October 27th deposition for November 19th. Ace/Ebway have confirmed that they are refusing to producing Hedrick for deposition on November 16, leaving GFM with no alternative but to request that Hedrick be stricken.

GFM will be prejudiced if the Court does not strike Hedrick as an expert witness. First, the Disclosure Paragraph is grossly insufficient, leaving GFM with no idea to what he will be testifying. Second, GFM was effectively precluded from deposing Hedrick and learning his opinions because Ace/Ebway unjustifiably pulled the plug on his deposition. There is no alternative remedy other than to strike Hedrick.

WHEREFORE, GFM requests that the Court strike Ace/Bennett/Ebway's Expert Witness, Art Hedrick, and preclude him from testifying in this case.

> Respectfully submitted,
>
> RUDEN, McCLOSKY, SMITH
> SCHUSTER & RUSSELL, P.A.
> Attorneys for GFM
> 200 East Broward Boulevard, 15th floor (33301)
> Post Office Box 1900
> Fort Lauderdale, Florida 33302
> (954) 527-2492
> Fax: (954) 333-4092
>
> By:  /s/Matthew S. Nelles
>      Matthew S. Nelles
>      Florida Bar No. 009245

6959412v1

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of November, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on Steven N. Lippman, Esq. and Riley W. Cirulnick, Esq., ROTHSTEIN ROSENFELDT ADLER, 401 East Las Olas Blvd., Suite 1650, Fort Lauderdale, FL  33301, Attorneys for Plaintiffs and Third Party Defendant.

By:   /s/Matthew S. Nelles_____
       Matthew S. Nelles