UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

ACE TECHNOLOGY CORPORATION
and EDWARD BENNETT,

    Plaintiffs,

v.

GFM CORPORATION,

    Defendant.
_____/

## PLAINTIFFS' AND THIRD-PARTY DEFENDANT'S REPLY TO GFM CORPORATION'S RESPONSE TO EMERGENCY MOTION FOR ENLARGEMENT OF TIME

Plaintiffs, Ace Technology Corporation ("ACE") and Edward Bennett, and third-party defendant, Ebway Corporation ("Ebway"), hereby file their reply to GFM Corporation's ("GFM") Response to Emergency Motion for Enlargement of Time [D.E. 147](the "Response") as follows:

GFM says that no effort was made to schedule the deposition of its expert witness, Harold Kutner, and there were no efforts to schedule depositions within the existing discovery deadline ("That statement is patently false"). Response at pp. 1-2. To the contrary, on November 5, 2009, GFM's counsel followed up on ACE/Mr. Bennett/Ebway's prior efforts to schedule Mr. Kutner's deposition by saying:

> As for our expert, Mr. Cutner [sic], we will have to check his availability. However, our clients are going to be out of the country next Tuesday, Wednesday and Thursday and I will need for Mr. Loush to be present for Mr. Cutner's deposition.

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

November 5, 2009[1], email from Matthew S. Nelles, Esq. to Steven N. Lippman, Esq., a copy of which is attached hereto as Exhibit 1. When GFM informed ACE/Mr. Bennett/Ebway that it would not abide by the deposition schedule which had been agreed upon ACE/Mr. Bennett/Ebway informed GFM that they would move the depositions to the only available dates within the discovery deadline and GFM said the deponents would not show up on those dates. November 11, 2009, email from Matthew S. Nelles, Esq. to Steven N. Lippman, Esq., a copy of which is attached hereto as Exhibit 2. As GFM's counsel's own writing proves, it is GFM's position that is actually "false."

GFM is accurate that ACE/Mr. Bennett/Ebway's counsel were "incommunicado" for the period their firm was undergoing this upheaval. Response at p. 1. This is precisely why the extensions sought are appropriate. A receiver was appointed and questions about what counsel could and could not do had to be addressed. The computers were down; no email, no word processing, no research capability[2]. Counsel are looking for new homes and making arrangements to move there. The short extensions requested under these circumstances are more than justified.

---

[1] Because Rothstein Rosenfeldt Adler's emails were disabled for 3 days this email was not received by this firm's email system until November 7, 2009, and were not accessible to undersigned counsel until November 9, 2009. This is precisely the reason why an extension of time is sought.

[2] Today again Rothstein Rosenfeldt Adler's entire computer system (including emails and phone) were disabled for approximately 2-3 hours.

2

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

GFM is accurate that Dynamic and Future Products depositions were rescheduled. Of course, GFM neglects to acknowledge its failure to provide discovery requested that ACE/Mr. Bennett/Ebway want for these depositions which required motions to compel. Plaintiffs' Motion to Compel Discovery [D.E. 116]; Plaintiff's Motion to Compel Discovery (Sixth Request for Production)[D.E. 130]; Plaintiff's Motion to Compel Discovery (Seventh Request for Production)[D.E. 151]. GFM says it needed to obtain tooling from Dynamic and Future Products because ACE/Ebway delivered defective tooling. The materials sought in these requests for production specifically address this and ACE/Mr. Bennett/Ebway want to use these materials in these depositions and timely sought them.

Greg Crampton was scheduled for deposition on August 26, 2009. That deposition did not occur because, as GFM concedes, GFM's counsel and Mr. Crampton walked out of the deposition before it commenced. August 26, 2009, letter from Matthew S. Nelles, Esq. to Steven N. Lippman, Esq., a copy of which is attached to the Response as Exhibit C. While Mr. Crampton was offered for the 2 days following his deposition "in the event you are able to fit him in as scheduling permits", *id.*, the schedule did not permit this. Mr. Crampton is in Michigan. ACE/Mr. Bennett/Ebway's counsel flew to Michigan for depositions including Mr. Crampton's. It is unreasonable to expect them to make a special trip (without taking other depositions on the same trip) back to Michigan for Mr. Crampton only when the necessity for the trip was GFM's unauthorized cancellation of Mr. Crampton's deposition (a motion to compel or for sanctions was not filed because Mr. Crampton agreed to appear for deposition during the same trip as the Dynamic and Future Products depositions were to occur).

3

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

The Response is completely silent about the need for additional time to respond to GFM's Motion for Summary Judgment as to All Counts of the Amended Complaint from November 18, 2009, to November 30, 2009.

GFM, naturally, does not mention how its failure to provide accurate responses to discovery delayed these proceedings for months while ACE/Mr. Bennett/Ebway had to uncover GFM's false discovery responses through their own investigation. Plaintiffs' Motion for Leave to File Second Amended Complaint [D.E. 109] at pp. 2-10. In August 2008 GFM was asked to produce "[a]ll documents related to, referring to or memorializing GFM's efforts to purchase 'Grip Flow tooling, including replacement punch and die elements for such tooling from sources other than ACE . . . .'" (Plaintiffs' Second Request for Production of Documents, request No. 5) and:

> [w]ith regard to the assertion that "GFM is required to purchase all Grip Flow tooling, including replacement punch and die elements for such tooling, from ACE or its licensees and is therefore contractually precluded from using the '692 patent . . .' identify all efforts GFM made to purchase 'Grip Flow tooling, including replacement punch and die elements for such tooling' from sources other than ACE by stating the names of any sources other than ACE from whom GFM did or desired to purchase 'Grip Flow tooling, including replacement punch and die elements for such tooling', the dates when such purchases or attempted purchases were made, and the locations of each such source.

(Plaintiffs' Second Set of Interrogatories, interrogatory No. 2). GFM refused to answer this discovery until directed to do so by this Court, Order [D.E. 76], and when it finally did answer did not identify Dynamic and Future Products. If GFM had truthfully told ACE/Mr. Bennett/Ebway of its tooling purchased from Dynamic and Future Products when they were asked about it in August 2008, ACE/Mr. Bennett/Ebway would not have lost over ½ year searching to learn this through their own investigation. For GFM to complain about a short request for extension after its conduct is unconscionable.

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

WHEREFORE, plaintiffs, Ace Technology Corporation and Edward Bennett, and third-party defendant, Ebway Corporation, respectfully request that this Court grant an enlargement of time through and including November 30, 2009, to file their response to GFM Corporation's Motion for Summary Judgment as to All Counts of the Amended Complaint and through and including December 4, 2009, complete all discovery.

November 16, 2009.

Respectfully submitted,

/s/Steven N. Lippman
Steven N. Lippman
Florida Bar No. 709638
slippman@rra-law.com
Riley W. Cirulnick
Florida Bar No. 0333270
rcirulnick@rra-law.com
Rice Pugatch Robinson & Schiller, P.A.
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone (954) 462-8000
Telecopier (954) 462-4300
Attorneys for Ace Technology Corp., Edward Bennett
and Ebway Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of November, 2009, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Steven N. Lippman
Steven N. Lippman

5

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

## SERVICE LIST
## CASE NO. 08-60985-CIV-COOKE/BANDSTRA

Steven N. Lippman, Esq.
slippman@rra-law.com
Riley W. Cirulnick, Esq.
rcirulnick@rra-law.com
Rice Pugatch Robinson & Schiller, P.A.
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone (954) 462-8000
Telecopier (954) 462-4300
Attorneys for Ace Technology Corp., Edward Bennett and Ebway Corp.

Matthew S. Nelles, Esq.
matt.nelles@ruden.com
Ruden McClosky, Smith, Schuster & Russell, P.A.
200 East Broward Boulevard
P.O. Box 1900
Fort Lauderdale, Florida 33302
Phone (954) 527-2492
Fax (954) 333-4092
Attorneys for GFM Corp.

H/swrdocs//08-16975/Pleadings/motion.enlargement.emergency.reply.doc

## Steve Lippman

| | |
|---|---|
| **From:** | Nelles, Matthew [Matt.Nelles@ruden.com] |
| **Sent:** | Thursday, November 05, 2009 11:34 AM |
| **To:** | Steve Lippman |

**Subject:** RE: ACE-GFM

Steve,

First of all, good luck with your situation over there. We understand that it must be quite tumultuous.

As for the expert depositions, we are reluctant to conduct any discovery after November 16 given Judge Cooke's Order from yesterday. That is the reason we noticed Mr. Hedrick for deposition on November 16. We are agreeable to deposing Mr. Hedrick here in Fort Lauderdale on November 16 if you are going to bring him down. Please let me know.

As for our expert, Mr. Cutner, we will have to check his availability. However, our clients are going to be out of the country next Tuesday, Wednesday and Thursday and I will need for Mr. Loush to be present for Mr. Cutner's deposition. Please let me know what you would propose.

Next, we are planning to file a Motion to Strike Expert Hedrick because the disclosures do not comply with Federal Rule 26(a)(2) (nor do we believe they comply with Local Rule 16.1(K)). Although this matter was discussed with you in early October and again a few weeks ago, because time is now of the essence we must move forward with that Motion. However, if you provide us with a written assurance that we will receive full compliant disclosures by 5:00 p.m. on Monday, we will hold off on filing the Motion. We do need to hear back from you by the end of today though concerning this. We trust that you understand the urgency.

Finally, we do not object to your supplement to the NSF Response provided that you agree that the clock will start on our Reply as of the day you file the Supplement.

We look forward to hearing back from you.

Matt

---

IRS Circular 230 Disclosure: Please note that the views expressed herein or in any attachments hereto are not intended to constitute a "reliance opinion" under applicable Treasury Regulations, and accordingly are not intended or written to be used, and may not be used or relied upon, for the purpose of (i) avoiding tax-related penalties that may be imposed by the Internal Revenue Service, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**Matthew Nelles**
Attorney



200 East Broward Boulevard
Suite 1500
Fort Lauderdale, FL 33301
Direct 954-527-2492 | Fax 954-333-4092
Matt.Nelles@ruden.com | www.ruden.com

**Exhibit 1**

11/13/2009

<u>To subscribe to our advisories, please click here.</u>

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 954-764-6660 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.

**From:** Steve Lippman [mailto:slippman@rra-law.com]
**Sent:** Wednesday, November 04, 2009 4:33 PM
**To:** Nelles, Matthew
**Subject:** ACE-GFM

I apologize that my responses have been a little delayed; as you might imagine I have my hands more than full right now.

I am following up with the expert. If we were to bring the expert to Ft. Lauderdale, would you be willing to do it after 11/16 (I would even agree to do your expert after ours)

Do you have any opposition to our filing the below supplemental response to the motion for protective order regarding NSF?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

ACE TECHNOLOGY CORPORATION
and EDWARD BENNETT,

    Plaintiffs,

v.

GFM CORPORATION,

    Defendants.
_____/

**PLAINTIFFS' AND THIRD PARTY DEFENDANT'S SUPPLEMENTAL RESPONSE TO GFM CORPORATION'S MOTION FOR PROTECTIVE ORDER CONCERNING SUBPOENA TO NSF INTERNATIONAL STRATEGIC REGISTRATIONS, LTD.**

    Plaintiffs, ACE Technology Corporation ("ACE") and Edward Bennett, and third party defendant, Ebway Corporation ("Ebway"), hereby supplement their response to GFM Corporation's

11/13/2009

("GFM") Motion for Protective Order Concerning Subpoena to NSF International Strategic Registrations, Ltd. [D.E. 128](the "Motion") as follows:

While GFM objects to an NSF representative testifying about "Any TS 16949 certification with regard to GFM ...", Subpoena to NSF, a copy of which is attached hereto as Exhibit A, and the production of, among other things, "All documents related to, referring to or memorializing GFM Corporation's ("GFM") TS 16949 certification.", "All documents related to, referring to or memorializing all audits conducted by NSF concerning GFM for TS 16949 from January 1, 2004, to the present date.", and "All documents related to, referring to or memorializing any and all objective evidence used in items ... above including, but not limited to, all nonconforming issues, all corrective and preventive action documents, registration audits, surveillance audits, and re-registration audits."; its expert witness, Harold Kutner, has included among "Exhibits Used to Summarize or Support Opinions" the Technical Specification for the ISO/TS 16949 certification.

WHEREFORE, plaintiffs, ACE Technology Corporation and Edward Bennett, and third party defendant, Ebway Corporation, request that this Court enter an order denying GFM Corporation's Motion for Protective Order Concerning Subpoena to NSF International Strategic Registrations, Ltd. and grant all other relief this Court deems just and appropriate.
November _, 2009.

Steven N. Lippman
Shareholder

Las Olas City Centre, Suite 1650
401 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Direct: (954) 315-7261
Telephone: (954) 522-3456
Facsimile: (954) 527-8663
Email: slippman@rra-law.com
www.rra-law.com



Rothstein Rosenfeldt Adler
Attorneys at Law

IRS Circular 230 Disclosure: Please note that the views expressed herein or in any attachments hereto are not intended to constitute a "reliance opinion" under applicable Treasury Regulations, and accordingly are not intended or written to be used, and may not be used or relied upon, for the purpose of (i) avoiding tax-related penalties that may be imposed by the Internal Revenue Service, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

NOTICE: THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE

11/13/2009

INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE COLLECT AND DELETE THE MATERIAL FROM ANY COMPUTER. THANK YOU.

11/13/2009

Page 1 of 3

## Steve Lippman

| | |
|---|---|
| **From:** | Nelles, Matthew [Matt.Nelles@ruden.com] |
| **Sent:** | Wednesday, November 11, 2009 3:11 PM |
| **To:** | Steve Lippman |
| **Cc:** | Riley Cirulnick |

**Subject:** RE: ACE-GFM

The depo notice is defective under Rule 26.1(J). No protective order required. Kutner and Crampton won't be showing up and if you attempt to take Dynamic and Future, the transcript cannot be used against GFM under the rules. We will review your email concerning the Seventh R/P and respond accordingly. We are filing our Response to your Emergency Motion today.

Matt

IRS Circular 230 Disclosure: Please note that the views expressed herein or in any attachments hereto are not intended to constitute a "reliance opinion" under applicable Treasury Regulations, and accordingly are not intended or written to be used, and may not be used or relied upon, for the purpose of (i) avoiding tax-related penalties that may be imposed by the Internal Revenue Service, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**Matthew Nelles**
Attorney



200 East Broward Boulevard
Suite 1500
Fort Lauderdale, FL 33301
Direct 954-527-2492 | Fax 954-333-4092
Matt.Nelles@ruden.com | www.ruden.com

To subscribe to our advisories, please click here.

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 954-764-6660 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.

**From:** Steve Lippman [mailto:slippman@rra-law.com]

**Exhibit 2**

11/13/2009

**Sent:** Wednesday, November 11, 2009 3:03 PM
**To:** Nelles, Matthew
**Cc:** Riley Cirulnick
**Subject:** ACE-GFM

Please let me know if you have changed your mind regarding the deposition schedule we proposed which accommodates everybody. If not, we are going to conduct our depos as follows: (i) Harold Kutner on 11/12 at 10 am; (ii) Greg Crampton on 11/13 at 9 am; Dynamic on 11/13 at 1 pm & Future Products on 11/13 at 3 pm.

With regard to the Seventh Request for Production:

Request Nos. 1-4 are not asking for a TS 16949/QS-9000 definition of "official corrective action requests", they are seeking what GFM did. GFM quality manual/procedures establish a protocol to identify and document nonconformities and corrective action and this is what is sought. For instance, GFM's Quality Systems manual identifies Receiving Inspection Logs (QS.F.10.01 & 10.03); Quarterly Supplier Evaluation (QS.F.06.05), Supplier Assessment/Evaluation Sheet (QS.F.06.02) and Corrective & Preventive Action Log (QS.F.14.03), among others, as part of the QS-9000. GFM's chart titled Control of Nonconforming Product (DOC: QS.P.13.01) says if a product is not ok then a Corrective and Preventive Action (QS.P.14.01) occurs. GFM claims Ebway provided deficient tools, we are entitled to see and this request ask for GFM's documents memorializing those purported deformities and corrective action taken by GFM.

Request Nos 5 - 9 – GFM claims that Ebway delivered defective tools and late deliveries which should be reflected in GFM manager review boards and minutes, surveillance audits and external nonconforming reports (which should also address use of counterfeit tools and maintenance techniques Any confidentiality concern is addressed by the protective order which you proposed and we provided comments to some time ago.

Request No. 10 – GFM hid who it was obtaining tooling from us so we had to obtain this information from others and you think that gives GFM a basis to avoid this discovery; unbelievable. Any confidentiality concern is addressed by the protective order which you proposed and we provided comments to some time ago.

Request No. 11 – GFM claims its problems were caused by Ebway's defective tools and late deliveries. These documents address this specifically.

Request No. 12 – These documents are relevant to GFM's claim that its problems were caused by Ebway defective or late tools (since they show what GFM is to do if it has a supplier with defective or late products, the failure to comply showing there was not defective or late products). Any confidentiality concern is addressed by the protective order which you proposed and we provided comments to some time ago.

Request Nos. 13 & 14 – What does "Without regard to GFM's certification" mean? GFM's Quality Systems manual identifies Receiving Inspection Logs (QS.F.10.01 & 10.03); Quarterly Supplier Evaluation (QS.F.06.05), Supplier Assessment/Evaluation Sheet (QS.F.06.02) and Corrective & Preventive Action Log (QS.F.14.03), among others, as part of the QS-9000; we have not seen any of these. GFM's chart titled Control of Nonconforming Product (DOC: QS.P.13.01) says if a product is not ok then a Corrective and Preventive Action (QS.P.14.01) occurs; we have not seen this. The TS-16949 and QS-9000 certifications require protocols to identify nonconforming or deficient products made for GFM, which GFM claims Ace or Ebway did, so we are entitled to see these documents.

Request Nos. 15 & 16 – Ebway's stamping division is certified ISO 9001:2000.

Based upon the foregoing, please let me know if you will produce the requested documents. If you do not inform us by 5pm tomorrow that you will provide these documents, then we will be forced to file a motion to compel.

11/13/2009

Steven N. Lippman
Shareholder

Las Olas City Centre, Suite 1650
401 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Direct: (954) 315-7261
Telephone: (954) 522-3456
Facsimile: (954) 527-8663
Email: slippman@rra-law.com
www.rra-law.com



Rothstein Rosenfeldt Adler
Attorneys at Law

IRS Circular 230 Disclosure: Please note that the views expressed herein or in any attachments hereto are not intended to constitute a "reliance opinion" under applicable Treasury Regulations, and accordingly are not intended or written to be used, and may not be used or relied upon, for the purpose of (i) avoiding tax-related penalties that may be imposed by the Internal Revenue Service, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

NOTICE: THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE COLLECT AND DELETE THE MATERIAL FROM ANY COMPUTER. THANK YOU.

11/13/2009