UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60985-CIV-COOKE/BANDSTRA

ACE TECHNOLOGIES CORPORATION and
EDWARD BENNETT,

    Plaintiffs,

vs.

GFM CORPORATION,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court on Plaintiffs' and Third Party Defendant's [Ebway Corporation's] Emergency Motion for Order of Contempt for Failure to Provide Discovery and for Enlargement of Time to File Exhibit List (D.E. 191) filed on January 22, 2010. Reviewing this motion, the response and reply thereto, the Court file and applicable law, and in consideration of the Court Order entered on November 18, 2009 with respect to the subject discovery, it is hereby

ORDERED AND ADJUDGED as follows:

a. Plaintiffs and Third-Party Defendant's motion for contempt based on defendant's alleged failure to comply with production of document discovery as ordered on November 18, 2009 is DENIED, the Court finding no basis for a finding of contempt under the circumstances leading up to this motion. Specifically, the Court notes that this case was removed to this Court on June 28, 2008, which resulted in a Scheduling Order (D.E. 35)

dated September 17, 2008 which, *inter alia*, closed fact discovery on March 16, 2009. An Amended Scheduling Order (D.E. 92) was entered on March 14, 2009, extending fact discovery until November 16, 2009. Plaintiff did not attempt to obtain the subject discovery until it served a Sixth Request for Production of Documents on October 15, 2009, which resulted in a Motion to Compel (D.E. 130) filed on October 23, 2009, and a Court Order requiring defendant's production of the subject documents on or before November 28, 2009 (already after the discovery cut-off date). Plaintiff apparently waited or agreed to wait until January 16-18, 2010, to review the subject documents at defendant's place of business in Michigan. Both parties agree that defendant produced voluminous discovery at that time pursuant to the Court Order although the parties now dispute whether defendant fully complied with plaintiff's document request and argue over the manner of this production.

Reviewing the pleadings, and the procedural history of this case, the Court finds no basis for a finding of contempt or any further court order with respect to this discovery. The procedural history of this case reveals that the parties have continually failed to comply with discovery obligations imposed by the Court's rules resulting in a series of motions to compel and Court Orders to resolve such disputes. The instant "emergency" is another example of such conduct and results, in large part, from plaintiff's own delay in seeking the subject discovery in a timely manner and then delaying or agreeing to delay the review of these documents until almost two months after the Court Order requiring defendant's production. Plaintiff's motion for contempt explains the problem in obtaining this discovery but offers no explanation for its own lack of diligence in pursuing this discovery. Also, plaintiff fails to file the requisite memorandum of law with its motion citing any authority for

an entry of contempt under the circumstances here. This, too, is a violation of the rules of this Court and constitutes a separate reason for the denial of this motion.

    b. Plaintiff's further request for an enlargement of time to file its exhibit list is DENIED.

    DONE AND ORDERED at Miami, Florida this 28th day of January, 2010.

                                                  Ted E. Bandstra
                                           United States Magistrate Judge

Copies furnished to:

Honorable Marcia G. Cooke
All counsel of record