UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-60985-CIV-COOKE/BANDSTRA

ACE TECHNOLOGY CORPORATION, *et al.*,

    *Plaintiffs*,

v.

GFM CORPORATION, *et al.*,

    *Defendants*.

_____/

### ORDER DENYING DEFENDANT GFM CORPORATION'S MOTION IN LIMINE

This matter is before me on Defendant GFM Corporation's Motion in Limine Concerning Outside Tooling Sources [D.E. 202]. GFM's Motion in Limine is denied.

GFM Corporation ("GFM") contends that its use of outside tooling sources is irrelevant to the claims currently before this court, and that the probative value of such evidence is outweighed by the danger of unfair prejudice. The Federal Rules of Evidence defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence. Fed. R. Evid. 401. Plaintiffs Ace Technology Corporation ("Ace") and Edward Bennett, and Third Party Defendant Ebway Corporation ("Ebway") argue that evidence of GFM's use of outside tooling sources is relevant to GFM's own counterclaims against Ace. GFM has filed an Amended Counterclaim against Ace for breach of the License Agreement between the parties, breach of the implied warranties of merchantability, and fitness for particular purpose, as well as a Third Party Complaint against Ebway for breach of implied warranty of merchantability. Plaintiffs and Ebway assert that they are entitled to defend against these claims

by showing that tooling GFM obtained from outside sources caused the issued alleged in its Amended Counterclaim and Third Party Complaint. I agree, and find that evidence related to GFM's use of outside tooling sources is relevant.

Relevant evidence may be excluded only if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.  GFM argues that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Exclusion under Rule 403, however, is applied sparingly, and the balance under Rule 403 weighs in favor of admissibility.  *See U.S. v. Jemison*, 292 Fed. Appx. 863, 365 (11th Cir. 2008) (citation omitted).  Given the claims raised by GFM, I do not find that this evidence should be excluded under Rule 403.

Accordingly, Defendant GFM Corporation's Motion in Limine Concerning Outside Tooling Sources [D.E. 202] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of March 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:
Honorable Ted E. Bandstra
All counsel of record